## MILLS v. INDUSTRY NOVELTY CO. et al.

### (District Court, N. D. Illinois, E. D.   January 24, 1916.)

### No. 551.

PATENTS ☞283(1)—SUIT FOR INFRINGEMENT—DEFENSES.

Granting a valid patent, an infringer is not concerned with the use which the patentee makes of the device, and cannot avoid liability on the ground that he only uses it in connection with an unlawful gambling device, nor on the ground that defendant makes the same use of it, and that therefore complainant is not entitled to recover profits or damages.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 448–450, 452; Dec. Dig. ☞283(1).]

In Equity.   Suit by Herbert S. Mills against the Industry Novelty Company and others.   On motion by complainant to strike paragraph from answer, and motion by defendant for leave to amend answer. Complainant's motion sustained, and defendants' denied.

Plaintiff in this case asks for an injunction to restrain the defendants from infringing letters patent No. 1,027,749. The object of the invention, as stated in the letters patent, "is to provide a construction of annunciator to co-operate with a delivery device for checks, or the like, under the control of the operator, and cause operation of the delivery device to display the amount to be paid, or value, denoted on or by the check." The bill contains the usual allegations.

Paragraph 10 of the answer is as follows: "Defendants deny that the alleged invention set forth in said letters patent is a useful invention; but, on the contrary, defendants aver that the only use to which said alleged invention has ever been applied is an integral part of certain machines of chance which, with the knowledge and connivance of plaintiff, were sold or used or let for hire or on shares to be used solely for gambling purposes, and that the use of all such machines in which said alleged invention has been embodied is against public policy and good morals, and is in violation of the laws of the United States and of the several states thereof; that plaintiff is the president of the Mills Novelty Company (a corporation) of Chicago, Ill., and for and in behalf of said company holds the said letters patent as trustee, the equitable title of said letters patent being in the Mills Novelty Company, and that the only way in which the plaintiff has practiced the alleged invention is by licensing said Mills Novelty Company to embody the same as an integral part of such machines of chance designed and used solely for gambling purposes; that plaintiff in this proceeding merely stands for and represents said Mills Novelty Company; that the purpose of this litigation is to maintain in said Mills Novelty Company the exclusive right to manufacture and control gambling machines embodying the said alleged invention, and that the conduct of said plaintiff in and with respect to said alleged invention is and at all times has been solely that of licensing and encouraging the use of said alleged invention in machines of chance, designed for and used and susceptible of use solely for gambling purposes, and is such that the plaintiff has no right or standing in a court of equity, and no right to demand the relief prayed for in his bill of complaint."

Plaintiff moves to strike from the record this paragraph of the answer. As a counter motion the defendant seeks to amend the answer by inserting a paragraph numbered 10a, as follows: "Defendants further aver that the only way in which defendants have ever practiced their alleged infringement of the pretended invention of said patent No. 1,027,749 is as an integral part of certain machines of chance made, sold, and used, with plaintiff's knowledge, solely for gambling purposes and incapable of any other use; that the profits,

if any, derived by defendants from the alleged infringement complained of are profits made in violation of public policy and good morals, and are of such a character that plaintiff can have no right to recover the same; that as defendants' alleged infringement has consisted solely in the practice of the alleged invention in connection with such gambling machines, a court of equity should not recognize any right (exclusive or otherwise) in plaintiff to manufacture, sell, or use such gambling machines, and defendants therefore aver that their alleged infringement has not inflicted, nor will their continuance of the alleged infringement inflict, upon plaintiff any damages which in a court of equity plaintiff is entitled to recover."

Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill., for plaintiff.
Peirce, Fisher & Clapp, of Chicago, Ill., for defendants.

CARPENTER, District Judge (after stating the facts as above). I have considered carefully the briefs of the defendants, not having been favored with briefs on the part of the plaintiff. The motion to strike paragraph 10 of the answer must prevail, and leave to amend the answer will be denied.

A patentee's rights are defined in Paper Bag Patent Case, 210 U. S. 407, 28 Sup. Ct. 748, 52 L. Ed. 1122. Granting a valid patent, the right to an injunction against infringement is clear. Granting there is a valid patent in this case, the defendants are not concerned with the particular use which the plaintiff makes of his monopoly. As was said in Fuller v. Berger, 120 Fed. 274, 56 C. C. A. 588, 65 L. R. A. 381:

"Equity is not concerned with the general morals of a complainant; the taint that is regarded must affect the particular rights asserted in his suit. * * * If the defendant can do no more than show that the complainant has committed some legal or moral offense, which affects the defendant only as it does the public at large, the court must grant the equitable remedy, and leave the punishment of the offender to other forums."

It is true in that case Judge Grosscup made a most vigorous dissent, but apparently he became reconciled to the view of the majority of the court, because in the later case of Board of Trade v. L. A. Kinsey, 130 Fed. 507, 64 C. C. A. 669, 69 L. R. A. 59, he concurred in the opinion of Judge Baker, which quoted with approval the above excerpt from the opinion in the Berger Case.

The unlawful conduct of the plaintiff is a collateral issue, and as such does not affect the defendants, and furnishes no grounds for defense. Dr. Miles Medical Company v. Platt (C. C.) 142 Fed. 606 and cases cited. Clearly an unlawful use of a device made by its patentee can given no license to the general public to infringe the patent by the construction of a device which is used in legitimate trade. The motion to strike paragraph 10 will be allowed.

As to the proposed amendment to the answer: The defendants admit that their infringement of the plaintiff's device is in violation of the public policy of the United States and the various states of the Union, and is unlawful, and claim, therefore, that the plaintiff should not share in any profits arising from an unlawful act. This is not a suit between persons in pari delicto; this is not a suit where the plaintiff and defendant have been jointly interested in a violation of the

law. If the defendants have in fact infringed the plaintiff's patent, they must account for their profits, whether or not their use of the patent was legitimate or illegitimate.

If full effect is given to the defense set out in the proposed amendment to the answer, it would amount to giving the public generally a license to manufacture these gambling instruments, instead of restricting the unlawful use to the plaintiff. So far as the general public is concerned, it will be much better off if the manufacture is limited to the plaintiff. If the plaintiff is violating the law, he can be punished in the proper forum. If the state of Illinois and the government of the United States have seen fit to permit the manufacture of gambling devices under this patent, it is not for the defendants to say that they can infringe upon the plaintiff's monopoly without making lawful compensation.

The defendants, admitting their own wrong, seek to avail themselves of the plaintiff's rights, because they say the plaintiff has never used his patent, except to manufacture a gambling instrument. The defendants' position is more unmoral than the plaintiff's. The plaintiff had a lawful right to manufacture under his patent. He exercised that right to make a device to be used in violation of the law. The defendants admit (arguendo) that they have not only violated the same law by manufacturing the gambling instruments, but also that they have unlawfully infringed upon the exclusive rights of the plaintiff. Such a defense should not be permitted, and leave, therefore, will not be granted to the defendants to amend the answer, as indicated.

Nothing herein is intended to prevent the defendants from making a general denial of the utility of the plaintiff's invention.